**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIS KARAMYAN,

No.    18-71939

Petitioner,

Agency No. A075-706-897

v.

MEMORANDUM*

JEFFREY A. ROSEN, Acting Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 4, 2021**
Pasadena, California

Before:  KELLY,*** GOULD, and R. NELSON, Circuit Judges.

Petitioner Karamyan asks this court to reverse the BIA's denial of his

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel previously vacated oral argument in light of Petitioner's motion to extend the time to file his supplemental brief.  As the facts and legal arguments are adequately presented in the briefs and record, the panel unanimously concludes this case is suitable for decision without oral argument and submits this case on the briefs.  *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

untimely and number-barred motion to reopen. Reviewing the BIA's denial for abuse of discretion and its factual findings for substantial evidence, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), we affirm.

Because Karamyan's motion to reopen is time- and number-barred, he bears the burden of presenting material evidence of both "changed circumstances arising in the country of nationality or . . . deportation"[1] and "a prima facie case for the relief sought." *See id.* (first quoting 8 C.F.R. § 1003.2(c)(3)(ii); then quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). The BIA "[can]not make credibility determinations on motions to reopen and must accept as true the facts asserted by the movant, unless they are inherently unbelievable." *Silva v. Barr*, 965 F.3d 724, 736 (9th Cir. 2020) (cleaned up). But "a prima facie case of the clear probability of persecution cannot be established from speculative conclusions or vague assertions." *Id.* (citation omitted).

In support of his well-founded fear of persecution, Karamyan's declaration

---

[1] On October 28, 2020, the panel asked for supplemental briefing addressing a potential conflict between exceptions to the numerosity limitation in the statute and its implementing regulation. In separate filings, the parties did not dispute how this potential conflict should be interpreted and concluded any arguments relating to this issue had been waived. We decline to reach this issue as we are "generally limited to addressing the claims and arguments advanced by the parties." *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). We therefore assume without deciding that a showing of changed country conditions can exempt an alien from the numerosity limits in 8 U.S.C. § 1229a(c)(7)(A). *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017); 8 C.F.R. § 1003.2(c)(3)(ii).

relies primarily on three letters from his sister, a friend, and an unknown source. The BIA found these foundational letters were "too vague and generalized to support a finding that [Karamyan] has either demonstrated a material change in Armenia, and/or that he is prima facie eligible for relief from removal." Substantial evidence supports this finding. *See Najmabadi*, 597 F.3d at 986. These letters were not accompanied with any objective evidence of their authenticity, vaguely referenced "national security officers" asking for Karamyan, and instructed him not to make contact with a friend because "someone is coming."[2]  A prima facie showing need not be "conclusive," *see Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) (citation omitted), but Karamyan's vague and generalized evidence is insufficient to meet his burden of proof, *see Silva*, 965 F.3d at 736.

Karamyan also relies on articles and reports to show the Armenian government's general persecution of those who express political dissidence.  The BIA held this evidence insufficiently demonstrated the Armenian government's

---

[2] Karamyan claims the BIA erred in requiring the letters to be sworn.  *See* 8 C.F.R. § 1003.2(c)(1) (requiring a movant to provide "affidavits *or other evidentiary material*" in support of a motion to reopen (emphasis added)).  It is not clear, however, what weight the BIA placed on these letters being "unsworn." Regardless, substantial evidence supported the BIA's ultimate conclusion that the evidence submitted—the letters and declaration relying on such—was too vague and generalized to merit reopening.  *See Silva*, 965 F.3d at 736.  Thus, an error in this regard, if any, was harmless.

3

specific interest in Karamyan. The BIA was correct. General evidence of a country's conditions does not provide the "individualized relevancy" necessary to demonstrate that Karamyan's "predicament is appreciably different from the dangers faced by [his] fellow citizens." *Najmabadi*, 597 F.3d at 989–90 (citations omitted).

Given that Karamyan has failed to demonstrate prima facie evidence of eligibility or that the BIA acted "arbitrarily, irrationally, or contrary to law," *see id.* at 986, we need not address his other arguments.

**PETITION DENIED**